**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DAVID C. HOWARD,                                    Case No. 1:13-cv-295
      Plaintiff,                                    Spiegel, J.
                                                  Litkovitz, M.J.

      vs.

COMMISSIONER OF SOCIAL SECURITY,                    **REPORT AND**
et al.,                                             **RECOMMENDATION**
          Defendants.

Plaintiff David C. Howard, proceeding pro se, brings this action seeking to recover social

security benefits to which he allegedly is entitled. He names as defendants the Commissioner of

Social Security (Commissioner) and "Ms. Phyllis M. Smith-Great Lakes Program Service Ctr"

(Smith). The matter is before the Court on the Commissioner's motion to dismiss the complaint

pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction based on plaintiff's

failure to exhaust his administrative remedies (Doc. 18) and defendant's supporting declaration

and exhibits (Doc. 22).[1] The matter is also before the Court on plaintiff's motions to stay this

matter (Docs. 20, 21), which plaintiff filed in response to the motion to dismiss.

## I. Introduction

Plaintiff filed the original complaint in this matter on May 3, 2013, seeking to recover

social security benefits in the amount of $3,000.00 owed to Charles N. Poole, deceased, who

plaintiff identifies as his biological father. (Doc. 1). Plaintiff suggested in the original complaint

---

[1] As noted in the Court's Order of May 12, 2014, the Commissioner referenced the declaration and exhibits in the motion to dismiss filed on November 22, 2013, but failed to attach the documents to the motion. (Doc. 23). Defendant subsequently filed the documents with the Court on March 10, 2014, but failed to include a certificate of service showing proof of service on plaintiff. (Doc. 22). Defendant has since complied with the Court's order directing her to show proof of service of the documents on plaintiff. (Doc. 24).

that the Commissioner was negligent and violated plaintiff's federal and state constitutional rights by refusing to pay the funds to him.  Plaintiff filed an amended complaint on July 6, 2013, adding Smith as a defendant to the action. (Doc. 9).  Plaintiff's allegations in the amended complaint are largely incomprehensible.  However, plaintiff indicates that he seeks to have this Court grant his request for social security benefits and that plaintiff has corresponded with the Social Security Administration (SSA) regarding his claim.  Plaintiff requests as relief $3,000.00 in social security benefits and $10,000 each in punitive damages, compensatory damages, "constitutional damages," and special damages.  (*Id.* at 7).

The Commissioner asserts that plaintiff has not exhausted his administrative remedies as he is required to do in order to obtain judicial review in the district court under 42 U.S.C. § 405(g).[2]  (Doc. 18).  The Commissioner therefore contends that this Court lacks subject matter jurisdiction over plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(1).  The Commissioner further alleges that plaintiff has improperly named Smith, the SSA's Assistant Regional Commissioner for Processing Center Operations, Chicago Region, as a defendant to this lawsuit. (Doc. 18 at 2, n. 1).

## II. The complaint against defendant Smith should be dismissed under Rule 12(b)(6).

Plaintiff names Phyllis Smith as a defendant in the amended complaint, but he does not mention her in the body of the amended complaint or make any allegations against her.  (Doc. 9). Accordingly, the allegations of plaintiff's pro se amended complaint, liberally construed (*see Erickson v. Pardus,* 551 U.S. 89, 94 (2007)), fail to "state a claim to relief that is plausible on its face" against defendant Smith.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

---

[2] Section 405(g) provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. . . ." 42 U.S.C. § 405(g).

Accordingly, the complaint against defendant Smith should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim for relief.

## III.  The complaint against the Commissioner should not be dismissed under Rule 12(b)(1).

### A.  Rule 12(b)(1) standard

There are generally two types of motions challenging subject matter jurisdiction under Rule 12(b)(1). *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004) (citations omitted).  A Rule 12(b)(1) motion can attack a party's claim of jurisdiction on its face or the motion can attack the factual basis for a claim of jurisdiction. *Id.*  A facial attack questions the sufficiency of the pleading. *Campbell v. Miller*, 835 F. Supp.2d 458, 463 (S.D. Ohio 2011) (citing *Ohio Nat. Life Ins. Co. v. United States,* 922 F.2d 320 (6th Cir. 1990)).  When reviewing this type of challenge to the court's jurisdiction, the court must take the allegations in the complaint as true and construe the complaint in a light most favorable to the non-moving party. *Id.* (citing *United States v. A.D. Roe Co., Inc.,* 186 F.3d 717, 721-22 (6th Cir. 1999)).

When a factual challenge is made under Rule 12(b)(1), the court considers evidence to determine if jurisdiction exists.  *Campbell*, 835 F. Supp.2d at 463-64 (citing *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir. 2003)).  The trial court must weigh the conflicting evidence to make this determination. *Id.* (citing *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.,* 491 F.3d 320, 330 (6th Cir. 2007)).  When a factual attack is made, the non-moving party bears the burden of proving that jurisdiction exists. *Id.* (citing *Golden v. Gorno Bros., Inc.,* 410 F.3d 879, 881 (6th Cir. 2005)).  In such a case, there is no presumption of truthfulness on behalf of the non-moving party. *Id.* (citing *A.D. Roe Co., Inc.,* 186 F.3d at 722).

The court may dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the allegations of the complaint "are totally implausible, attenuated, unsubstantial,

frivolous, devoid of merit, or no longer open to discussion." *Watkins v. FBI*, 3:13CV-204-S, 2013 WL 3324065, at \*1 (W.D. Ky. July 1, 2013) (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)).

The Commissioner's challenge to the court's subject matter jurisdiction in this case is properly construed as a factual attack. The Commissioner has submitted evidence to show that plaintiff failed to proceed through all steps of the administrative claims process before filing suit. The Court must therefore consider the evidence to determine whether it has jurisdiction over plaintiff's claim for benefits.[3]

**B. The claims review process**

The administration of disputed social security benefits claims is governed by a four-step process. *Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991). The first step is an initial determination. *Id.* If dissatisfied with the result, the claimant may proceed to the second step by requesting a *de novo* reconsideration of that determination. *Id.* If the claimant is dissatisfied after completion of the second step, he may request an evidentiary hearing and a *de novo* review before an administrative law judge (ALJ). *Id.* The fourth step is an appeal to the Appeals Council. *Id.* The claimant may then seek judicial review in federal district court. *Id.* (citing 42 U.S.C. § 405(g); *Heckler v. Day*, 467 U.S. 104, 106-07 (1984)).

Judicial review of social security claims is governed by 42 U.S.C. § 405(g), which grants the district court subject matter jurisdiction over a "final decision" of the Commissioner.

---

[3] The evidence includes administrative determinations by the SSA, which are properly subject to judicial notice. *Mincey v. Univ. of Cincinnati*, No. 1:11-CV-300, 2012 WL 1068167, at \*1, n. 1 (S.D. Ohio Mar. 29, 2012) (citing *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002) (quoting *Int'l Bhd. of Teamsters v. Zantop Air Transp. Corp.*, 394 F.2d 36, 40 (6th Cir. 1968) ("[A] court may take judicial notice of the rules, regulations and orders of administrative agencies issued pursuant to their delegated authority.")).

*Maguire v. Comm'r of Soc. Sec.*, 3:07CV178, 2009 WL 863759, at *6 (S.D. Ohio Mar. 30, 2009). *See also McClanahan v. Commissioner of Social Security*, 474 F.3d 830, 832-33 (6th Cir. 2006). The Supreme Court has identified three requirements for judicial review pursuant to § 405(g): "(1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court. . . ." *Ahghazali v. Sec'y of Health & Human Servs.*, 867 F.2d 921, 924-26 (6th Cir. 1989) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 763-64 (1975)). For purposes of § 405(g), a decision on a claim becomes a "final decision" after the Appeals Council renders its decision. *Willis*, 931 F.2d at 397.

The exercise of general federal question jurisdiction over social security appeals is generally prohibited. 42 U.S.C. § 405(h). An exception lies where a constitutional challenge is raised in conjunction with a social security appeal. *Morrison v. Sebelius*, 2:11-CV-1002, 2013 WL 3288167, at *3 (S.D. Ohio June 28, 2013) (citing *Califano v. Sanders,* 430 U.S. 99, 109 (1977) ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."); *Hilmes v. Secretary of Health and Human Services,* 983 F.2d 67, 70 (6th Cir. 1993)). In such a case, jurisdiction may attach outside the scope of § 405(g), despite 42 U.S.C. § 405(h)'s prohibition against the exercise of general federal question jurisdiction over social security appeals. *Id.* (citing *Harper v. Sec'y of Health & Human Servs.,* 978 F.2d 260, 262-63 (6th Cir. 1992) (citing *Sanders,* 430 U.S. at 107-09)). The plaintiff "must make a colorable constitutional claim to establish subject matter jurisdiction" in the absence of a final decision. *Id.* (citing

*Glazer v. Comm'r of Soc. Sec.,* 92 F. App'x 312, 314 (6th Cir. 2004) (citing *Cottrell v. Sullivan,* 987 F.2d 342, 345 (6th Cir. 1992)).

The Sixth Circuit has assumed that an applicant for social security disability benefits has a property interest in those benefits that is protected by the Fifth Amendment. *Ferriell v. Comm'r of Soc. Sec.,* 614 F.3d 611, 620 (6th Cir. 2010) (citing *Flatford v. Chater,* 93 F.3d 1296, 1304-05 (6th Cir. 1996); *Richardson v. Perales,* 402 U.S. 389, 401-02 (1971) (assuming procedural due process protections apply to a social security disability claim hearing)). "At a minimum, the Due Process Clause requires that an individual is afforded notice and an opportunity to be heard before the deprivation of a protected interest through adjudication." *Id.* (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950)).

## C. The parties' positions and evidence of record

The Commissioner asserts that plaintiff has not exhausted his administrative remedies by obtaining a "final decision" by the Commissioner as required to obtain judicial review in the federal district court under § 405(g). (Doc. 18). The Commissioner alleges that plaintiff filed a claim for payment of social security benefits due a deceased individual pursuant to 20 C.F.R. § 404.503; the SSA denied plaintiff's claim on an initial determination under 20 C.F.R. § 404.902(1); plaintiff timely filed a request for reconsideration; and plaintiff's request for reconsideration was denied on January 25, 2011. Defendant contends that although plaintiff was required to file a request for hearing within 60 days of receipt of the Notice of Reconsideration if he wished to pursue his claim, there is no evidence he did so. Thus, according to defendant, plaintiff filed this action after completing only the second step of the four-step administrative review process and without obtaining a final decision. (Doc. 18 at 7, citing 20 C.F.R. §§ 404.900(a), 404.981). The Commissioner contends that plaintiff's complaint must therefore be

dismissed because Congress has authorized judicial review only of a "final decision" (*Id.*, citing *Heckler v. Ringer*, 466 U.S. 602, 618-19 (1984)), and there is no other jurisdictional basis for judicial review of plaintiff's claim.

In response to the Commissioner's motion to dismiss, plaintiff filed two motions to stay this matter pending completion of his administrative remedies to recover social security benefits due Charles N. Poole. (Docs. 20, 21). Plaintiff alleges that when Mr. Poole died three years ago, the SSA contacted plaintiff about certain social security benefits and information he could obtain. (Doc. 20 at 2). Plaintiff alleges that he completed two levels of administrative review but "was unable to be instructed by the defendant's" for the remaining two levels of administrative review, which plaintiff asserts may have been due to his incarceration. (*Id.*). Plaintiff contends that he filed this lawsuit because of defendant's negligent failure to make him aware of the third and fourth steps of the administrative review process. (*Id.* at 3, 6).

In support of her motion to dismiss, the Commissioner has submitted the Declaration of Patrick J. Herbst, the Social Security Administration employee who is vested with the responsibility for processing plaintiff's claim. (Doc. 22, ¶ 3). Mr. Herbst has attached documents from plaintiff's administrative file to his declaration. First, Mr. Herbst has attached a "Notice of Reconsideration" and "Reconsideration Determination" issued by the SSA on January 25, 2011. (Doc. 22, Exh. 1). The Reconsideration Determination briefly sets forth the background of plaintiff's claim. It states that plaintiff filed a claim for unpaid benefits due Charles N. Poole and was informed in a notice dated December 12, 2010, that he could not be paid the underpayment because he did not submit any evidence to show he was the child of the decedent. The Reconsideration Determination further states that thereafter, on or about January 10, 2011, plaintiff filed a Request for Reconsideration, stating that Mr. Poole was his biological

father; it was his father's request that he receive the funds; and plaintiff received a letter in the mail telling him he had money to be claimed. (*Id.*). The SSA concluded upon reconsideration that plaintiff was not entitled to share in the underpayment. (*Id.*). The Notice of Reconsideration stated that after reviewing the initial determination made in plaintiff's case, the SSA found that decision was correct and plaintiff had 60 days to request a hearing in writing. (*Id.*).

The second exhibit attached to Mr. Herbst's declaration is plaintiff's second Request for Reconsideration dated September 20, 2011, and date stamped received October 4, 2011. (Doc. 22, Exh. 2). Plaintiff wrote that he did not agree with the determination made on his claim and he was requesting reconsideration because his father, Charles N. Poole, designated him as a beneficiary and plaintiff was contacted by the SSA to claim his benefits. Plaintiff also submitted a letter in connection with the Request for Reconsideration stating that he was inquiring why he had not received a response to his first Request for Reconsideration mailed in December or January.

The third exhibit attached to Mr. Herbst's declaration is the SSA's October 6, 2011 response to plaintiff's second Request for Reconsideration dated October 4, 2011. (*Id.*, Exh. 3). The SSA stated that it was sending plaintiff a copy of the Reconsideration Determination which had been processed on January 25, 2011, and SSA's contact information. Mr. Herbst states in his declaration that there is no indication in the official file that plaintiff requested a hearing before an ALJ with regard to the issues considered in the Reconsideration Determination. (Doc. 22, ¶ 3(b)).

**D. Plaintiff states a colorable due process claim over which the Court has subject matter jurisdiction.**

The Court finds upon review of the evidence that plaintiff's complaint for recovery of social security benefits should not be dismissed at this juncture based on plaintiff's failure to

exhaust his administrative remedies.  It is undisputed that plaintiff failed to complete the last two steps of the administrative review process.  There is no question that plaintiff did not go beyond the second step of seeking reconsideration of the initial denial of his claim and proceed to the third step of requesting a hearing before an ALJ in accordance with 20 C.F.R. § 404.900(a).  However, plaintiff alleges facts to show that a violation of his due process rights may have occurred in connection with the processing of his claim.  Plaintiff alleges that after completion of the second administrative step, defendant "failed to give to the petitioner himself, his biological sister's the necessary third (3rd) and fourth (4th) step procedures" (Doc. 20 at 2) and that "[f]rom 2012 to 2013, defendant's have been [negligent] concerning and informing petitioner about the last two (2) administrative steps." (*Id.* at 6).  In effect, plaintiff states that he never received notice from the SSA of the third step of the administrative process, *i.e.*, a hearing before an ALJ which plaintiff was required to request within 60 days of receipt of the Notice of Reconsideration, and notice of his right to appeal that decision at the fourth step.

The SSA has not produced evidence to refute plaintiff's contentions and show that he received notice of the third and fourth steps of the administrative process.  Plaintiff's September 2011 letter explicitly states he had not received a response to his request for reconsideration sent in January 2011, prompting him to again request reconsideration of the initial denial decision.  Liberally construed, the letter asserts that plaintiff never received the January 25, 2011 "Notice of Reconsideration" letter which set forth his appeal rights, including the right to ask for an ALJ hearing, or the enclosed pamphlet further explaining the appeal process.  The SSA responded to plaintiff's September 2011 letter inquiring about whether a decision had been made at the Reconsideration Stage by sending plaintiff a letter and a copy of the "Reconsideration Determination." (Doc. 22, Herbst Declaration, ¶ 3(a), Exh. 3).  However, neither the letter nor

9

the "Reconsideration Determination" advises plaintiff of his right to file an appeal to an ALJ.

Although the "Notice of Reconsideration" attached to Mr. Herbst's declaration does set forth a

claimant's appeal rights (Doc. 22, Exh. 1), Mr. Herbst does not state in his declaration that the

SSA sent the "Notice of Reconsideration" to plaintiff. Thus, there is no evidence before the

Court that plaintiff received notice of his right to pursue an appeal to an ALJ. At this juncture,

plaintiff has therefore stated a colorable claim for violation of his due process rights in

connection with his claim for social security benefits which would vest the district court with

subject matter jurisdiction over the complaint. *See Morrison*, 2:11-CV-1002, 2013 WL 3288167,

at *3 (citing *Glazer*, 92 F. App'x at 314) (citing *Cottrell*, 987 F.2d at 345).

### E. This case should proceed against the Commissioner.

There is no dispute that plaintiff did not obtain a "final decision" on his claim for social

security benefits. Nonetheless, plaintiff has alleged facts, which the evidence before the Court

does not refute, to show that the Commissioner violated his due process rights in connection with

the processing of his claim for benefits. Because plaintiff has stated a colorable claim for

violation of his due process rights over which this Court has subject matter jurisdiction, dismissal

of plaintiff's complaint against the Commissioner pursuant to Rule 12(b)(1) based on plaintiff's

failure to exhaust his administrative remedies is not warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1) The complaint against defendant Smith be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

2) Defendant Commissioner of Social Security's motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 18) be **DENIED.**

3) Plaintiff's motions to stay this matter (Docs. 20, 21) be **DENIED.**

Date: 7/14/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID C. HOWARD                                    Case No. 1:13-cv-295
          Plaintiff,                                Spiegel, J.
                                                    Litkovitz, M.J.


          vs.


COMMISSIONER OF SOCIAL SECURITY,
et al.,
          Defendants.


## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of

the recommended disposition, a party may serve and file specific written objections to the

proposed findings and recommendations.   This period may be extended further by the Court on

timely motion for an extension.  Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections.  If the Report

and Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.  A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER:** *COMPLETE THIS SECTION*

- ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dvid C. Howard #637-124
Lebanon Corr. Inst.
Po Box 56
Lebanon, OH 45036

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☑ Agent   ☐ Addressee

B. Received by ( *Printed Name*)      C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☑ Certified Mail     ☐ Express Mail
   ☐ Registered         ☐ Return Receipt for Merchandise
   ☐ Insured Mail       ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)      ☐ Yes

2. Article Number
   (*Transfer from service label*)

7011 3500 0001 5345 5895

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540