UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID C. HOWARD,                                Case No. 1:13-cv-295
          Plaintiff,                            Spiegel, J.
                                                Litkovitz, M.J.

     vs.


COMMISSIONER OF SOCIAL SECURITY,                **ORDER**
et al.,
          Defendants.

Plaintiff David C. Howard, proceeding pro se, brings this action seeking to recover social security benefits to which he allegedly is entitled.  This matter is before the Court on the motion of defendant Commissioner of Social Security (Commissioner) to stay discovery.  (Doc. 31). The motion set forth three grounds for a stay of discovery: (1) discovery is generally not available in cases seeking review of a denial of social security benefits under 42 U.S.C. § 405(g); (2) the Commissioner was exploring the option of seeking a voluntary remand of this matter to the Social Security Administration (SSA) for further administrative proceedings, which would eliminate the need for discovery; and (3) a brief stay would not prejudice plaintiff.

In evaluating a motion to stay discovery, the court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (Abel, M.J.) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008) (Kemp, M.J.).  Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery.  *Id.*, at *2.  *See also Ohio Bell Telephone Co.*, 2008

WL 641252, at *2 (court denied the defendants' motion to stay discovery despite their pending motion to dismiss where the issue of subject matter jurisdiction raised in the motion to dismiss was "fairly debatable," it appeared the court might be able to exercise jurisdiction over some of the plaintiff's claims, and the motion to dismiss was not filed until after the case had been pending for 13 months). *See also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *2 (S.D. Ohio Sept. 7, 2010) (Kemp, M.J.) (the argument that a party intends to file or has filed a motion to dismiss is generally insufficient to support a stay of discovery). However, a stay may be appropriate where the dispositive motion raises an issue, such as immunity from suit, "which would be substantially vitiated absent a stay. . . ." *Id.*

Here, the Court finds a stay of discovery is appropriate. The Commissioner filed a motion for voluntary remand on November 3, 2014.[1] (Doc. 33). In the motion, the Commissioner acknowledges that there is no documentation in the SSA records showing that plaintiff received notice of his right to request an administrative hearing after his claim for benefits was denied at step two of the administrative review process.[2] (*Id.*). The Commissioner therefore contends the appropriate remedy in this case is a remand for an administrative hearing before an ALJ. (*Id.*). It is undisputed that the four steps of the administrative review process have not been completed and plaintiff has not yet obtained a "final decision" on his claim for benefits. (*See* Doc. 25). Thus, a remand to the SSA for further administrative proceedings on plaintiff's claim for benefits, including a hearing before an ALJ, appears to be warranted. Discovery should be stayed until the motion for remand is finally resolved.

---

[1] The motion for voluntary remand (Doc. 33) is not yet ripe.
[2] *See* 20 C.F.R. § 404.900(a) (explaining a social security claimant's right to judicial review after the claimant has exhausted all necessary administrative steps and setting out the four steps of the administrative review process, including a hearing before an administrative law judge (ALJ) at step three).

2

Further, a stay of discovery is appropriate because the discovery documents plaintiff has requested pertain to the merits of his claim for benefits (Doc. 31, Exh. 1), a matter that is not before the Court.  Plaintiff therefore is not entitled to the discovery he has requested to date.  A brief stay with respect to any additional discovery plaintiff may wish to obtain on the issue of whether the Commissioner violated plaintiff's due process rights in connection with his claim for benefits will not prejudice plaintiff.

For these reasons, defendant's motion to stay discovery (Doc. 31) is **GRANTED**. Discovery is **STAYED** in this matter pending resolution of defendant's motion for voluntary remand.

**IT IS SO ORDERED**.

Date: _11/5/14_

Karen L. Litkovitz
United States Magistrate Judge

3