UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID C. HOWARD,
    Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY, et al.,
    Defendants.

Case No. 1:13-cv-295
Spiegel, J.
Litkovitz, M.J.

REPORT AND
RECOMMENDATION

This matter is before the Court on defendant Commissioner of Social Security's motion for voluntary remand (Doc. 33) and plaintiff's motion for out of court settlement (Doc. 30), both of which are unopposed.

**I. Introduction**

Plaintiff David C. Howard, proceeding pro se, brings this action to recover social security benefits in the amount of $3,000.00 owed to Charles N. Poole, deceased, who plaintiff identifies as his biological father. (Docs. 1, 9). Defendant Commissioner of Social Security (Commissioner) initially moved to dismiss the complaint on the ground plaintiff had not exhausted his administrative remedies as required in order to obtain judicial review in the district court under 42 U.S.C. § 405(g).[1] (Doc. 18). The Court denied the motion to dismiss by Order dated August 14, 2014 (Doc. 27), which adopted the undersigned's Report and Recommendation finding that dismissal of plaintiff's complaint against the Commissioner for failure to exhaust administrative remedies was not warranted (Doc. 25). As explained in the Report and Recommendation, there was no dispute that plaintiff failed to complete the last two steps of the

---

[1] Section 405(g) provides: "Any individual, after any final decision of the Secretary made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision. . . ." 42 U.S.C. § 405(g).

four-step administrative review process for the administration of disputed social security benefits claims and to obtain a "final decision" on his claim. *See* 20 C.F.R. § 404.900(a).[2] Specifically, plaintiff failed to request a hearing before an administrative law judge (ALJ) as required at the third step of the administrative review process. Nonetheless, the facts and evidence in the record raised an issue as to whether plaintiff received notice from the Social Security Administration (SSA) of the third step of the administrative review process as well as notice of his right to appeal the ALJ's decision at the fourth step. Accordingly, plaintiff presented a colorable due process claim which precluded dismissal of his complaint against the Commissioner for failure to exhaust his administrative remedies.

**II. Motion for voluntary remand**

After the Court denied the Commissioner's motion to dismiss, the Commissioner filed a motion for voluntary remand on November 3, 2014. (Doc. 33). The Commissioner concedes that upon further review of the agency records, there is no indication that plaintiff was ever made aware of his right to an administrative hearing. (*Id.* at 3). The Commissioner acknowledges that the agency made a Reconsideration Determination and mailed it with a Notice of Reconsideration to plaintiff in January 2011, but plaintiff apparently did not receive the mailing.[3] (*Id.*). The Commissioner states that the agency sent another copy of the Reconsideration Determination to plaintiff after he wrote the agency in September 2011; however, the Commissioner concedes that there is no indication in the agency records that the SSA sent plaintiff another Notice of Reconsideration in accordance with 20 C.F.R. § 404.922 or otherwise

---

[2] The four steps are: (1) an initial determination; (2) a request for a *de novo* reconsideration of that determination; (3) a request for an evidentiary hearing and a *de novo* review before an ALJ; and (4) an appeal to the Appeals Council. 20 C.F.R. § 404.900(a). After completing these steps, the claimant may then seek judicial review in federal district court. *Id. See also Willis v. Sullivan*, 931 F.2d 390, 397 (6th Cir. 1991) (citing 42 U.S.C. § 405(g); *Heckler v. Day,* 467 U.S. 104, 106-07 (1984)).

[3] The Commissioner submitted the Reconsideration Determination and Notice of Reconsideration issued on January 25, 2011, in support of the motion to dismiss. (Doc. 22, Exh. 1). Only the Notice of Reconsideration advised plaintiff that he could request a hearing.

2

informed plaintiff that the next step in the appeal process was to file a request for a hearing.[4] (*Id.* at 3). The Commissioner therefore contends that the appropriate remedy in this case is a remand for an administrative hearing before an ALJ. (*Id.*). The Commissioner states that plaintiff will have an opportunity to submit additional evidence to support his claim in conjunction with the ALJ hearing, and the ALJ will issue findings regarding whether plaintiff is entitled to a portion of Charles Poole's underpayment as his child.

**III. The motion to remand should be granted.**

The Court finds that a remand to the SSA for further administrative proceedings on plaintiff's claim for benefits, including a hearing before an ALJ, is warranted. It is undisputed that the four steps of the administrative review process have not been completed and plaintiff has not yet obtained a "final decision" on his claim for benefits. It is also undisputed that plaintiff was never advised of his right to request an administrative hearing before an ALJ at the third step of the review process. Plaintiff should have the opportunity to complete the administrative review process and obtain a final decision on his claim, and the Commissioner should have the opportunity to fully consider and make findings on plaintiff's benefits claim, before plaintiff obtains judicial review of his claim. *Cf. Citizens Against Pellissippi Parkway Extension, Inc. v. Mineta*, 375 F.3d 412, 416 (6th Cir. 2004) ("when an agency seeks a remand to take further action consistent with correct legal standards, courts should permit such a remand in the absence of apparent or clearly articulated countervailing reasons."). Plaintiff does not oppose a remand for this purpose. The Commissioner's motion for voluntary remand should therefore be granted.

---

[4] Section 404.922 states: "We shall mail a written notice of the reconsidered determination to the parties at their last known address. We shall state the specific reasons for the determination and tell you and any other parties of the right to a hearing. If it is appropriate, we will also tell you and any other parties how to use the expedited appeals process." 20 C.F.R. § 404.922.

3

IT IS THEREFORE RECOMMENDED THAT:

1. The Commissioner's motion for voluntary remand (Doc. 33) be **GRANTED** and this matter for remanded for further administrative proceedings.

2. Plaintiff's motion for out of court settlement (Doc. 30) be **DENIED** as moot.

3. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997).

Date: 12/8/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DAVID C. HOWARD
Plaintiff,

Case No. 1:13-cv-295
Spiegel, J.
Litkovitz, M.J.

vs.

COMMISSIONER OF SOCIAL
SECURITY, et al.,
Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    David C. Howard.
    843 Lexington Ave.
    608. 1st Floor
    Cincinnati, OH 45229

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☒ Agent
  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below:      ☐ No

3. Service Type
   ☒ Certified Mail    ☐ Express Mail
   ☐ Registered        ☐ Return Receipt for Merchandise
   ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)

   7011 3500 0001 5345 6274

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540